UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

LANCE SPIKES, MARJORIE T. HOLLMAN, MICHAEL
CORTES, BRIAN HOROWITZ AND CAMERON N. MAY,
individually,

       Plaintiffs,
v.

SCHUMACHER AUTO GROUP, INC., a Florida Corporation,
CHARLES A. SCHUMACHER, individually, and
AMANDA SCHUMACHER, individually,

       Defendants.
_____/

## COMPLAINT

Plaintiffs Lance Spikes, Marjorie T. Hollman, Michael Cortes, Brian Horowitz, and Cameron May ("collectively Plaintiffs") sue the Defendants, Schumacher Auto Group, Inc., Charles A. Schumacher, and Amanda Schumacher and state:

### INTRODUCTION

1. Plaintiffs seek relief under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) and seek damages of unpaid overtime wages, liquidated damages, benefits tied to wages, pre-judgment interest, attorney's fees, and costs. The Plaintiffs are former non-exempt employees of the Defendants Schumacher Auto Group, Inc. ("Schumacher Auto"), Charles A. Schumacher ("Charles"), and Amanda Schumacher ("Amanda"). Defendants intentionally failed to pay Plaintiffs one and one-half times their regular rate of pay for all hours worked over forty (40) hours per week.

2. Plaintiffs seek recovery of the accumulated unpaid overtime for the three (3) years preceding filing their Requests for Arbitration.

## DEFENDANTS DEFAULTED AND HAVE WAIVED ARBITRATION[1]

3. Plaintiffs and Defendants were subject to Arbitration Agreements and Arbitration Rules. (**See Exhibit 1** – Spikes Arbitration Agreement & Rules).

4. Under the Arbitration Agreements, Plaintiffs Spikes, Hollman, and Cortes served their Requests for Arbitration ("RFA") along with the required fees in September and December 2019 and filed Amended Requests for Arbitration on August 7, 2020.

5. Defendants agreed to toll the statute of limitations for Plaintiffs Horowitz and May as of March 1, 2020, while the Parties discussed settlement options. Horowitz and May filed their Requests for Arbitration on August 7, 2020, and filed Amended Requests for Arbitration on August 27, 2020.

6. The Arbitration Agreements prohibited consolidation of the claims unless the Parties agreed. Plaintiffs served their Requests for Arbitration individually as required by the Arbitration Agreements and were prepared to arbitrate the claims individually. Defendants' then in-house counsel, Kenneth Lemoine, requested consolidation of the claims, and the Parties agreed to consolidate the five individual claims and to strike a tripartite panel.

7. In September 2020, Kenneth Lemoine, counsel for Defendants, arranged with the independent dispute resolution organization Judicial Arbitration and Mediation Service ("JAMS") to administer the consolidated arbitration.

8. The Defendants changed counsel on March 1, 2021, to Mr. Bruce Loren, Esq., and the Parties continued to arbitrate their dispute.

9. On or about April 6, 2021, the Defendants changed counsel (for the 4th time)[2] to

---

[1] Defendants are concurrently filing a Motion for Default of Arbitration, Breach of the Arbitration Agreement and Enry of Default Judgment, and Alternatively Entry of an Order to Show Cause Why the Court Should Not Enter a Default Judgment Based on Its Inherent Powers.
[2] The Defendants have employed five different counsel since the Demands were served. Marc E. Brandes, Esq., General Counsel (September 2019 – December 2019); Christopher DeLorenzo,

Mr. Dan Levine, Esq. and the Parties continued to arbitrate their dispute until the panel issued two rulings against the Defendants for discovery violations and awarded sanctions in the form of attorney's fees and costs to the Plaintiffs.

10. After those negative rulings, the Defendants refused to pay any further arbitration deposits and costs.

11. Per the Arbitration Agreements, Defendants were responsible for payment of the arbitration costs and fees. On February 22, 2021, JAMS issued a $77,000.00 arbitration deposit invoice for anticipated costs related to the arbitration, including the costs of the four-day final hearing. The payment was due by April 15, 2021. When Mr. Lemoine was replaced by Bruce Loren, JAMS re-issued the deposit invoice to Mr. Loren with the same due date of April 15, 2021. When Mr. Loren was replaced by Mr. Levine, JAMS re-issued the invoice to Mr. Levine with the same due date of April 15, 2021. (**See Composite Exhibit 2**).

12. Although Defendants paid over $16,000.00 for costs incurred for the hearings that had occurred, Defendants failed to pay the $77,000.00 deposit invoice by the April 15, 2021 due date. (**See Exhibit 2**).

13. JAMS cancelled the final hearing on April 16, 2021 because the Defendants failed to pay the required deposit. (**See Exhibit 3**).

14. JAMS made repeated demands on Defendants for payment of the final hearing deposit.

15. On or about May 24, 2021, JAMS issued a Notice to All Parties that the arbitration was on administrative stay, and if payment was not received by June 23, 2021, JAMS would close the file. (**See Exhibit 4**).

---

Esq., General Counsel (December 2019 – March 2020); Ken Lemoine, Esq. General Cousnel (March 2020 – March 2021); Bruce Loren, Esq. (March 2021 – April 2021); Dan Levine, Esq. (April 2021 – present).

16. Defendants failed to make the required deposit payment, and JAMS closed the file on June 28, 2021. **(See Exhibit 5)**.

17. In addition to non-payment of the $77,000.00 hearing deposit, Defendants also failed to pay $2,003.16 of incurred costs for hearings that took place while the arbitration was pending. **(See Exhibit 6).**

18. Defendants failed to make the JAMS deposit payment and to pay incurred costs pursuant to JAMS Rule 6 and are in default of the arbitration. "Failure to pay arbitration fees constitutes a "default" under § 3" of the Federal Arbitration Act." Freeman v. SmartPay Leasing, LLC, 771 Fed. Appx. 926, 935 (11th Cir. 2019); See also Id. citing Hernandez v. Acosta Tractors Inc., 898 F.3d 1301, 1303, 1305 (11th Cir. 2018) ("Once [the employer] defaulted in the arbitration [by failing to pay the required arbitration fees], the [d]istrict [c]ourt would have been within its power to find that [the employer] could no longer require [the employee] to proceed in arbitration.")

## JURISDICTION AND VENUE

19. The United States District Court for the Southern District of Florida has subject matter jurisdiction over this suit under 28 U.S.C. § 1331 because the suit raises federal questions under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et seq. Jurisdiction is founded upon § 216(b) of the FLSA.

20. The venue is proper in this Court under 28 U.S.C. § 1391(b) & (c), based upon:

   a. The Plaintiffs were employed in Palm Beach County, Florida

   b. The corporate Defendant is registered with the Florida Department of State, Division of Corporations, as a domestic corporation with a principal place of business in Palm Beach County, Florida.

   c. The Defendants Charles A. Schumacher and Amanda Schumacher are

domiciled in Palm Beach County, Florida.

**PARTIES**

A. **Plaintiffs**

21. Plaintiff Lance Spikes ("Spikes") was and is a resident of Palm Beach County, Florida and was employed by the Defendants from May 2018 to August 2019 as a non-exempt employee who worked over forty (40) hours during one (1) or more weeks during the three (3) years preceding filing his Demand for Arbitration.

22. Plaintiff Marjorie T. Hollman ("Hollman") was and is a resident of Palm Beach County, Florida and was employed by the Defendants from August 2014 to January 2019 as a non-exempt employee who worked over forty (40) hours during one (1) or more weeks during the three (3) years preceding filing her Demand for Arbitration.

23. Plaintiff Michael Cortes ("Cortes") was and is a resident of Palm Beach County, Florida and was employed by the Defendants from January 2017 to March 2019 as a non-exempt employee who worked over forty (40) hours during one (1) or more weeks during the three (3) years preceding filing his Demand for Arbitration.

24. Plaintiff Brian Horowitz ("Horowitz") was and is a resident of Palm Beach County, Florida and was employed by the Defendants from on or about November 2018 to October 2019 as a non-exempt employee who worked over forty (40) hours during one (1) or more weeks during the three (3) years preceding filing his Demand for Arbitration.

25. Plaintiff Cameron N. May ("May") was and is a resident of Palm Beach County, Florida and was employed by the Defendants from May 2019 to July 2019 as a non-exempt employee who worked over forty (40) hours during one (1) or more weeks during the three (3) years preceding filing his Demand for Arbitration.

26. Plaintiffs were individually engaged in interstate commerce, and the work they

performed was directly essential to the interstate business performed by the corporate Defendant.

      **B.**    **Corporate Defendant**

27.    Defendant Schumacher Auto is a domestic corporation duly authorized to conduct business in the State of Florida with a principal place of business in Palm Beach County, Florida.

28.    At all times material, Schumacher Auto employed persons who regularly were and are engaged in commerce or the production of goods for commerce, having an annual gross volume of sales or business of not less than Five Hundred Thousand Dollars ($500,000.00). Schumacher Auto was and is an enterprise engaged in commerce or the production of goods for commerce as defined within sections 203(r) and (s) of the FLSA.

      **C.**    **Individual Defendants**

29.    Defendant Charles A. Schumacher was at all times material to the causes of action herein an officer of Schumacher Auto and is domiciled in Palm Beach County, Florida.

30.    At all times material, Defendant Charles A. Schumacher acted directly in the interests of Defendant Schumacher Auto in relation to the Plaintiffs and actively participated in the day-to-day operations of Schumacher Auto. Thus, Defendant Charles A. Schumacher was an "employer" of the Plaintiffs as defined in 29 U.S.C. § 203(d), and the Plaintiffs were employees of Defendants as defined in 29 U.S.C. § 203(e)(1).

31.    Defendant Amanda Schumacher was at all times material to the causes of action herein an officer of Schumacher Auto and is domiciled in Palm Beach County, Florida.

32.    At all times material, Defendant Amanda Schumacher acted directly in the interests of Defendant Schumacher Auto in relation to the Plaintiffs and actively participated in the day-to-day operations of Schumacher Auto. Thus, Defendant Amanda Schumacher was an "employer" of the Plaintiffs as defined in 29 U.S.C. § 203(d), and the Plaintiffs were employees of Defendants as defined in 29 U.S.C. § 203(e)(1).

## ALL PLAINTIFFS AGAINST ALL DEFENDANTS
## FOR VIOLATIONS OF THE FLSA OVERTIME PROVISIONS

33.     Plaintiffs repeat and reallege paragraphs 1 to 32 as if fully incorporated herein.

34.     Defendants employed Plaintiffs as non-exempt appointment setters.

35.     Defendants Amanda Schumacher and Charles A. Schumacher supervised Plaintiffs and actively participated in the day-to-day operations of Schumacher Auto, including having direct involvement in the pay structure and bonus structure of the Plaintiffs.

36.     Plaintiffs were individually engaged in commerce, and the work they performed was directly essential to the interstate business performed by the Defendants.

37.     Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiffs for hours worked over forty (40) hours a week at a rate of at least one and one-half times the regular rate at which they were employed, contrary to the requirements of section 7 of the FLSA (29 U.S.C. § 207).

38.     Plaintiffs routinely worked over forty (40) hours per week.

39.     As a direct and proximate result of Defendants' deliberate underpayment of overtime wages, Plaintiffs' damages include loss of wages and loss of commensurate benefits tied to wages.

40.     Records concerning the actual number of hours worked and the process by which the Plaintiffs' pay was calculated by Defendants are in the possession, care, custody, and control of Defendants.  Defendants produced some of these records after the Requests for Arbitration were served and produced additional records after the arbitration panel was struck.

41.     Based on the records produced, Plaintiffs overtime wage damages, not including liquidated damages or benefits tied to wages, are:

Lance Spikes -              $ 34,000.00

Marjorie Hollman -          $109,000.00

      Michael Cortes -          $ 24,000.00

      Brian Horowitz -          $ 17,000.00

      Cameron May -            $ 6,500.00

42. Defendants acted willfully in failing to pay Plaintiffs their overtime compensation as required by the FLSA because Defendants knew Plaintiffs were non-exempt appointment setters.

43. Plaintiffs have retained the services of the undersigned counsel and are obliged to pay the firm a reasonable attorney's fee and costs incurred in this action and the underlying failed arbitration.

44. Plaintiffs seek recovery of unpaid wages for overtime for the three (3) years preceding filing their Demands for Arbitration or their tolling agreements, an equal amount in liquidated damages, pre-judgment interest, any benefits tied to wages earned, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs demand judgment against all Defendants:

    a. Entry of default of arbitration and a default judgment on liability based on Defendants' default of arbitration and breach of the Arbitration Agreements for failing to pay the arbitration fees;

    b. Waiver of any stay of litigation based on any claim made by Defendants pursuant to the Federal Arbitration Act;

    c. For compensatory damages for lost overtime compensation as set forth above in paragraph 41, an additional equal amount as liquidated damages allowed by statute, commensurate benefits tied to wages earned, and reasonable attorney's fees and costs under the FLSA and under the Parties' Arbitration Agreements and Rules; and

    d. For such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all issues so triable.

Dated: July 12, 2021

                                    Respectfully submitted,

                                    */s/ **Catherine A. Cullen***
                                    Catherine A. Cullen, Esq. (Fla. Bar No. 1017783)
                                    Mark A. Cullen, Esq.  (Fla. Bar No. 325082)
                                    Attorney E-mail:  mailbox@cullenlawfirm.net
                                    THE CULLEN LAW FIRM, P.A.
                                    500 S. Australian Avenue, Suite 538
                                    West Palm Beach, FL  33401
                                    Telephone:  561.640.9191

                                    *Attorneys for Plaintiffs*