**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-81223-CIV-SMITH**

LANCE SPIKES, *et al.*,

    Plaintiffs,

v.

SCHUMACHER AUTO GROUP, INC., *et al.*,

    Defendants.

_____/

**ORDER GRANTING IN PART MOTION FOR DEFAULT OF ARBITRATION, MOTION FOR ENTRY OF DEFAULT JUDGMENT, AND MOTION FOR ORDER TO SHOW CAUSE**

This matter is before the Court on Plaintiffs' Motion for Default of Arbitration, Motion for Breach of the Arbitration Agreement and Entry of Default Judgment, and Alternatively Motion for Entry of an Order to Show Cause Why the Court Should Not Enter a Default Judgment Based on Its Inherent Powers [DE 4], Defendants' Response [DE 15], and Plaintiffs' Reply [DE 17]. Plaintiffs filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, after Defendants allegedly defaulted in arbitration by failing to pay the arbitrators' fee. Plaintiffs' motion seeks entry of an order of arbitration default holding that Defendants have waived the right to arbitrate; an order finding Defendants materially breached the Arbitration Agreements by failing to pay the agreed-upon arbitration costs, resulting in entry of a default judgment on liability and leaving only a determination of Plaintiffs' damages; or, in the alternative, entry of an order to show cause why a default judgment should not be entered against Defendants based on Defendants' failure to pay the agreed-upon arbitration costs. For the reasons that follow, the Motion is granted in part.

**I.     BACKGROUND**

Plaintiffs, Lance Spikes, Marjorie T. Hollman, Michael Cortes, Brian Horowitz, and Cameron N. May are former non-exempt employees of Defendants.  Each Plaintiff was subject to an Arbitration Agreement [DE 4-1] with Defendants.  Thus, when Defendants failed to pay Plaintiffs proper overtime wages, Plaintiffs each served a Request for Arbitration on Defendants in 2019 or 2020.  The arbitration was to be conducted by the Judicial Arbitration and Mediation Service ("JAMS").  Upon agreement by the parties, the matters were consolidated for arbitration.

As part of the arbitration proceedings, the parties executed Stipulations for Arbitration [DE 4-5], in which the parties agreed:

> It is stipulated and agreed by the Parties to submit all disputes, claims or controversies to neutral binding arbitration at JAMS, pursuant to the JAMS Arbitration Administrative Policies and the Parties' Agreements.
>
> The Parties hereby agree to give up any rights they might possess to have this matter litigated in a court or jury trial.

(Stips. of Arbitration.)  Plaintiffs added additional language to their Stipulations stating that they "do not give up the right to seek relief in a court of law to enforce, compel or seek waiver of arbitration if [Defendants] fail to arbitrate or fail to abide by the parties' Agreements."  (Stips. of Arbitration.)  On December 1, 2020, JAMS issued the Commencement Package [DE 4-6], which outlined the arbitration Fee Schedule, including hourly rates, and set forth, as did the Arbitration Agreements, that Defendants were responsible for payment of all costs and fees of the arbitration except for Plaintiffs' portion of the filing fee.  (Commencement Package.)

The parties agreed to final hearing dates of June 14, 15, 16, and 17, with June 18 reserved if an additional day was needed. On February 10, 2021, Scheduling Order No. 1 [DE 4-7] was issued by the Chair of the arbitration panel.  It stated, "the parties will be requested to deposit fees sufficient to compensate the arbitrators for the scheduled hearing 60 days in advance of the

commencement of the hearing." (Scheduling Order No. 1.) The parties started discovery. Some discovery disputes arose, and Plaintiffs filed motions to compel. In April 2021, the Arbitration Panel held a hearing on Plaintiffs' motions to compel and, thereafter, granted Plaintiffs' motions and ordered Defendants to pay Plaintiffs' fees and costs associated with the motions. After that ruling, Defendants refused to pay any further arbitration deposits and costs, including the required deposit for the anticipated cost of the arbitration hearing. Additionally, Defendants challenged the impartiality of the Arbitration Panel as a result of the ongoing dispute over fees. Defendants, however, did not utilize the procedure for disqualification of an arbitrator that was set out in the parties' Arbitration Agreements. After repeated demands by JAMS for the arbitration costs, JAMS canceled the final hearing set for June 14-17. JAMS closed the file and ended the arbitration on June 28, 2021. Plaintiffs filed this action on July 12, 2021.

## II.     DISCUSSION

Plaintiffs' Motion seeks multiple forms of redress. First, Plaintiffs ask the Court to find that Defendants defaulted or waived their right to arbitrate by failing to pay the arbitration fees. Second, Plaintiffs ask the Court to find that Defendants materially breached the Arbitration Agreement and then enter a default judgment on liability against Defendants using the Court's inherent power to sanction parties for bad faith. In the alternative to their second request, Plaintiffs ask the Court to enter an order to show cause as to why Defendants should not be sanctioned for their intentional act of non-payment. For the reasons set forth below, the Court finds that Defendants waived their right to arbitration; the Motion is denied to the extent that it seeks entry of a default judgment on liability; and the Motion for an order to show cause is granted in part.

### A.     Default or Waiver of Arbitration

Plaintiff seeks a default of arbitration against Defendants based on Defendants' failure to pay the arbitration fees. Plaintiffs maintain that failure to pay arbitration fees constitutes a default under § 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, and results in a waiver of the defaulting party's right to enforce arbitration. Plaintiffs seek the default to establish that they are no longer bound by the Arbitration Agreements and can proceed with their suit in this Court. Defendants respond that § 3 is inapplicable under the circumstances of this case because it applies when a party to a federal court action seeks a stay of the court action to pursue arbitration. Defendants also state that they are not seeking a stay pursuant to the FAA or any arbitration agreement.

In the Eleventh Circuit, courts apply a two-part test to determine if a party has waived the right to arbitrate. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1316 (11th Cir. 2002). First, a court must determine if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right. *Id.* Second, the court determines whether, by doing so, that party has in some way prejudiced the other party. *Id.* Here, Plaintiffs have established the first part of the test. Defendants' failure to pay the costs of arbitration, despite being obligated to do so under the Arbitration Agreements and JAMS' rules, amounts to actions inconsistent with the arbitration right. Plaintiffs have also established the second part of the test. Plaintiffs have been prejudiced by Defendants' actions because Plaintiffs have been deprived of their right to arbitrate, the proceedings have been delayed, and Plaintiffs have been forced to proceed to litigate in this Court. Thus, Defendants have waived their right to arbitration.

### B.     Breach of the Arbitration Agreement & Entry of Default Judgment

Plaintiffs seek a finding from this Court that Defendants materially breached the Arbitration Agreements by failing to pay the arbitration costs and failing to follow the arbitrator disqualification procedures. Based on these breaches, Plaintiffs argue that the Court should exercise its procedural and inherent powers to enter a default judgment against Defendants. Plaintiffs, however, have failed to present any authority establishing that the Court could enter default judgment on liability, pursuant to its inherent powers, without first holding a hearing. In fact, the Eleventh Circuit has held that it is error for a district court to enter a default judgment solely based on a party's default in the underlying arbitration. *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1305 (11th Cir. 2018).

Further, while "[c]ourts have the inherent power to police those appearing before them," before imposing a sanction pursuant to this power, a court "must make a finding that the sanctioned party acted with subjective bad faith." *Id.* at 1306 (internal citation and marks omitted). To make a finding of bad faith, a court must comply "with the mandates of due process, requiring fair notice and an opportunity to be heard." *Id.* (internal citation and marks omitted). Thus, the Motion for entry of default judgment is denied. However, the Motion for an order to show cause is granted. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Default of Arbitration, Motion for Breach of the Arbitration Agreement and Entry of Default Judgment, and Alternatively Motion for Entry of an Order to Show Cause Why the Court Should Not Enter a Default Judgment Based on Its Inherent Powers [DE 4] is **GRANTED in part and DENIED in part.**

a.     Defendants have waived their right to arbitrate this matter.

b.     The Motion for Default Judgement is **DENIED.**

       c.       The Motion for Entry of an Order to Show Cause Why the Court Should Not Enter a Default Judgment Based on Its Inherent Powers is **GRANTED in part and DENIED in part.** By **February 14, 2022**, Defendants shall show cause why they should not be sanctioned for failing to pay the arbitration panel.

DONE AND ORDERED in Fort Lauderdale, Florida this 31st day of January, 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record