UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 21-cv-81223-SMITH/MATTHEWMAN

LANCE SPIKES, *et al.*,

     Plaintiffs,

v.

SCHUMACHER AUTO GROUP, INC., *et al.*,

     Defendants.

_____/

FILED BY_____KJZ_____D.C.

*May 18, 2022*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON COMPETING MOTIONS TO APPROVE FLSA SETTLEMENTS
AS TO PLAINTIFFS BRIAN HOROWITZ AND CAMERON N. MAY
AND FOR FLSA FAIRNESS HEARING**

     **THIS CAUSE** is before the Court upon Defendants Schumacher Auto Group, Inc., Charles

A. Schumacher, and Amanda Schumacher's ("Defendants") "Motion to Review and Approve

FLSA Settlement and Dismiss Action with Prejudice as to Plaintiffs Brian Horowitz and Cameron

N. May" ("Motion to Review and Approve FLSA Settlement") [DE 39], and Plaintiffs Brian

Horowitz and Cameron N. May's ("Plaintiffs") "Limited Objection to Defendants' Motion to

Review and Approve FLSA Settlement and Cross-Motion for Approval of Settlement Agreements,

Enforcement of the Settlement Agreements, and for Entry of Judgment" ("Cross-Motion for

Approval of Settlement Agreements") [DE 45]. The Honorable Rodney Smith, United States

District Judge, entered an Order referring both motions to the undersigned United States

Magistrate Judge. *See* DE 47.

     Both Defendants and the two Plaintiffs Brian Horowitz and Cameron N. May

(collectively, "the parties") submitted the Settlement and Release Agreements pertaining to

1

Plaintiffs Brian Horowitz and Cameron N. May as part of their respective motions. [DEs 39-1, 39-2, 45-1, 45-2]. Although the parties filed competing motions rather than a joint motion, the parties all seek approval of the same two Settlement and Release Agreements. The difference in the parties' motions is that Defendants seek dismissal with prejudice of the case after approval of the settlement agreements [DE 39 at 1], while Plaintiffs seek either enforcement of the settlement agreements and final judgments for outstanding and unpaid attorney's fees and costs, or for the Court to retain jurisdiction to enforce the settlement agreements instead of dismissing the case after approval of the settlement agreements. [DE 45 at 11].

The Court conducted a hearing on the parties' motions—which necessarily included a fairness hearing due to both parties' requests that the Court approve the Settlement and Release Agreements—on May 17, 2022, via Zoom video teleconference (VTC). During the hearing, the Undersigned heard from Defendants' counsel and Plaintiffs' counsel regarding the complete history of the case, as well as the parties' positions on the fairness of the settlement of Plaintiffs' claims alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

The Court has reviewed the parties' motions, the two Settlement and Release Agreements, and the entire file in this case, has considered all of the factors outlined in *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and is otherwise fully advised in the premises. The Court finds that the two settlements in this case (as to Plaintiffs Brian Horowitz and Cameron N. May) represent genuine compromises of bona fide disputes. Defendants have agreed to pay the two Plaintiffs an amount that they do not dispute is fair and reasonable under the law.[1]

---

[1] While Defendants' counsel did not directly state that the agreements were fair and reasonable, as counsel was not involved in the execution of the Settlement and Release Agreements, Defendants' counsel also did not dispute the settlement agreements were fair and reasonable during the May 17, 2022 Zoom VTC hearing.

Plaintiffs are being paid well prior to the trial date. Both parties have agreed to settle due to reasonable strategic and financial considerations. The Undersigned further finds that the settlements, including the attorney's fees and costs, reached by the parties represent reasonable compromises by both sides and are fair and reasonable—especially considering that the attorney's fees and costs are being split five ways due to the number of party plaintiffs in this case.

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that United States District Judge Smith: (1) find that the Settlement and Release Agreements pertaining to both Brian Horowitz and Cameron N. May are fair and reasonable under the FLSA; (2) grant in part and deny in part Defendants' Motion to Review and Approve FLSA Settlement [DE 39];[2] (3) grant in part and deny in part Plaintiffs' Cross-Motion for Approval of Settlement Agreements [DE 45];[3] (4) approve both Settlement and Release Agreements; and (5) dismiss Plaintiffs Brian Horowitz and Cameron N. May's claims against Defendants with prejudice and retain jurisdiction to enforce the terms of the two settlement agreements.. The Undersigned further specifically recommends, as noted above, that Judge Smith reserve and retain jurisdiction to enforce the terms of the parties' settlement agreements as to Plaintiffs Brian Horowitz and Cameron N. May.

Further, upon agreement of the parties, it is hereby **ORDERED** that Defendants shall pay Plaintiffs all outstanding attorney's fees and costs relating to the two Settlement and Release

---

[2] The Undersigned recommends granting in part and denying in part Defendants' Motion to Review and Approve FLSA Settlement because, while Defendants request that the Court approve the Settlement and Release Agreements and dismiss the case with prejudice, Defendants do not request that the Court retain jurisdiction to enforce the Settlement and Release Agreements. The Court finds that retention of jurisdiction to enforce the Settlement and Release Agreements is appropriate.

[3] The Undersigned recommends granting in part and denying in part Plaintiffs' Cross-Motion for Approval of Settlement Agreements because Plaintiffs request that the Court either approve the Settlement and Release Agreements and enter judgment in favor of Plaintiffs Brian Horowitz and Cameron N. May, or, alternatively, that the Court approve the Settlement and Release Agreements and retain jurisdiction to enforce such. But as to the latter option, Plaintiffs take issue with dismissal with prejudice and are seemingly under the misguided impression that the Court cannot retain jurisdiction while dismissing the case with prejudice. [DE 45 at 1]. Clearly, the Court can retain jurisdiction to enforce a settlement even where, as here, the case would be dismissed with prejudice.

Agreements, as specified in each Settlement and Release Agreement, on or before **May 27, 2022**. Payment shall be made to the Trust Account of counsel for the two Plaintiffs.

<u>**NOTICE OF RIGHT TO OBJECT**</u>

In light of Defendants' agreement to pay Plaintiffs all outstanding attorney's fees and costs due as specified in the two agreements on or before May 27, 2022, and in light of the numerous discovery and other disputes which are ongoing in this case, pursuant to S.D. Fla. Magistrate Judge Rule 4(a), the Court hereby shortens the period of time for the parties to object to this Report and Recommendation. The parties shall have seven (7) calendar days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Rodney Smith. Accordingly, since this Report and Recommendation is being filed on May 18, 2022, and since it will be electronically served upon all parties on said date, the parties shall have until on or before May 25, 2022 to file any such objections. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of May, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge

4