UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81223-CIV-SMITH/MAYNARD

**LANCE SPIKES,** *et al.*,

    Plaintiffs,

v.

**SCHUMACHER AUTO GROUP, INC.,** *et al.*,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND REQUEST FOR EMERGENCY TELEPHONIC HEARING THEREON AS TO SCOPE OF PLAINTIFFS' PENDING CORPORATE REPRESENTATIVE DEPOSITION NOTICE AND INCORPORATED MEMORANDUM OF LAW ("EMERGENCY MOTION") (DE 63)

This matter is before me upon the above referenced Emergency Motion. The Honorable Rodney Smith, United States District Judge, has referred this case to me for all non-dispositive pretrial motions pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida. DE 31.

Plaintiffs, as former non-exempt employees of Defendants, filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that Defendants failed to pay them proper overtime wages. *See* DE 19. This Court found that Defendants waived their right to arbitrate after failing to pay the costs of arbitration under the arbitration agreement between the parties. *Id.* at 4. Therefore, Plaintiff were forced to proceed with the instant action in this Court. *Id.*

The parties have been engaged in discovery and have had various discovery disputes. *See* DE 42; DE 52. In particular, I held a discovery hearing on May 16, 2022 (DE 57), and I ordered

those certain depositions of Defendants, and their representatives, would take place from May 24, 2022, through May 27, 2022. DE 60. I further ordered Defendants, by May 19, 2022, to identify to Plaintiffs' counsel the Rule 30(b)(6) deposition topics to which each deponent scheduled from May 24, 2022, through May 27, 2022, would testify. *Id.* In addition, I ordered that the Rule 30(b)(6) deposition that was noticed to occur on June 1, 2022 would address topics not covered during the depositions scheduled from May 24, 2022 through May 27, 2022. *Id.*

The instant Emergency Motion requests a protective order to limit the scope of the June 1, 2022 corporate representative deposition to "the topics related to the methodology and calculation of plaintiffs' pay, including OT, commission/bonus, and the application of the fluctuating workweek (Chinese OT) arrangement in place for the BDC/internet sales prior to November 2018." DE 63 at 6. In support, Defendants reference the previous depositions that were taken from May 24, 2022 through May 27, 2022 and intimate that Plaintiffs have had ample opportunity to depose regarding topics pertaining to a Rule 30(b)(6) deposition. *Id.* at 2-3. Defendants also indicate that, on May 30, 2022, their counsel emailed Plaintiffs' counsel requesting that Plaintiffs advise what topics still required testimony from a corporate representative. *Id.* at 3. Defendants then indicate that as of the filing of the motion—at 1:42 p.m. on May 31, 2022—Plaintiffs' counsel had not responded. *Id.*

"Disagreements over whether a deposition should proceed in the next week or at some other time (or at all) are typically insufficient to permit a movant to invoke the emergency motion procedure." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 7469993, at *3 (S.D. Fla. Apr. 13, 2016) (finding no grounds for an emergency motion to stay a second deposition merely because the deposition was to occur before the deadline to file an objection to the order permitting it). Here, there is likewise no emergency. Defendants have been

aware of the scheduling of a corporate representative deposition since before the May 16, 2022 discovery hearing. Defendants' last-minute attempt to narrow the scope of the Rule 30(b)(6) deposition does not constitute an emergency. The parties shall proceed with discovery and disputes that arise pertaining to discovery in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Discovery Procedures Order (DE 33) entered in this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Emergency Motion (DE 63) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 31st day of May 2022.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE