UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81223-CIV-SMITH/MAYNARD

**LANCE SPIKES,** *et al.*,

    Plaintiffs,

v.

**SCHUMACHER AUTO GROUP, INC.,** *et al.*,

    Defendants**.**
_____/

## ORDER DENYING PLAINTIFF CORTES' MOTION FOR PROTECTIVE ORDER ("MOTION FOR PROTECTIVE ORDER") (DE 62)

This matter is before me upon the above referenced Motion for Protective Order. The Honorable Rodney Smith, United States District Judge, has referred this case to me for all non-dispositive pretrial motions pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida. DE 31.

Plaintiffs, as former non-exempt employees of Defendants, filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that Defendants failed to pay them proper overtime wages. *See* DE 19. District Judge Smith found that Defendants waived their right to arbitrate after failing to pay the costs of arbitration under the arbitration agreement between the parties. *Id.* at 4. As a result, District Judge Smith concluded that Plaintiffs were forced to proceed with the instant action in this Court. *Id.*

The parties have been engaged in discovery and have had various discovery disputes. *See* DE 42; DE 52. In particular, I held a discovery hearing on May 16, 2022 ("Discovery Hearing") (DE 57), and I ordered that certain depositions of Defendants, and their representatives, would take place from May 24, 2022, through May 27, 2022. DE 60. At the Discovery Hearing,

Defendants agreed to forego previously set dates for depositions of Plaintiffs because they conflicted with the depositions ordered to be scheduled from May 24, 2022, through May 27, 2022. DE 57.  During the Discovery Hearing, Plaintiffs' counsel reported unavailability in early June; and, ultimately, the parties agreed to coordinate new dates for Plaintiffs' depositions.  *Id.*

The instant Motion for Protective Order seeks an order from this Court relieving Plaintiff Michael Cortes and Plaintiffs' counsel from having to attend a deposition that Defendants noticed on May 27, 2022 for June 7, 2022.  DE 62.  Plaintiffs' counsel explains that their law firm, which consists of only two attorneys, is in trial in state court from June 6-10.  *Id.* at 1.  Furthermore, Plaintiffs' counsel says they asked opposing counsel to hold June 14, 2022 for Cortes' deposition in an email dated May 18, 2022.  *Id.*  When they received notice on May 27, 2022 that the deposition was set for June 7th, Plaintiffs' counsel emailed Defendants' counsel again about their unavailability due to being in trial.  *Id.* at 2.  They also say they verbally told defense counsel they were unavailable on June 7, 2022 during a Zoom deposition on May 27, 2022.  *Id.* at 2.

Defendants respond, in part, by arguing that Plaintiffs' counsel did not "confirm" any date for Plaintiff Cortes' deposition.  DE 67 at 3.  Defendants contend that that the June 14, 2022 date was not confirmed because in her email Plaintiffs' counsel said she was "trying to rework her schedule to be available on that date," and never later confirmed that her schedule was reworked. DE 67 at 3; DE 67-9.  Defendants attach an email from Plaintiffs' counsel to Defendants' counsel dated May 27, 2022 at 12:55 PM, which states, in relevant part, as follows:

> I am not available on June 7th.  I have a trial that week and next.  I advised you of that at the discovery hearing.  Michael is available on June 14 and I sent you that information over a week ago.
>
> Please let me know if you change date.  If not, I will file a protective order.

DE 67-11.  At 1:28 PM that same day, Plaintiffs' counsel emailed back stating: "We obviously wish to depose the 3 plaintiffs within the same time frame.  To that end, I can offer May 31 or June 3 as alternative dates."  DE 67-12.  On May 30, 2022, at 11:59 AM, Defendants' counsel again emailed Plaintiffs' counsel, in pertinent part, as follows:

> [L]ike you, I would like to depose the Plaintiffs within the same time frame.  If you truly cannot accommodate our preferred schedule, including Mr. Cortes on the 6th, then please advise if you will produce all 3 during the week of the 13th, in which case we will postpone this Thursday and depose all 3 that week.
>
> Please advise.

DE 67-13.  Then, the instant motion was filed on May 30, 2022, at 1:26 PM.  DE 62.

Since the filing of the Motion for Protective Order, Defendants' counsel re-noticed Plaintiffs' depositions as follows:

| Date | Deponent |
|---|---|
| Tuesday, June 14, 2022 | Marjorie Hollman |
| Wednesday, June 15, 2022 | Lance Spikes |
| Thursday, June 16, 2022 | Michael Cortes |

DE 67-17.  The notices of the above depositions were served on June 2, 2022, the same date that Defendants filed their Response.  DE 67-17; DE 67.  The day before, on June 1, 2022 at 3:33 PM, Defendants' counsel emailed Plaintiffs' counsel indicating a preference for a *particular order* for deposing the above-listed Plaintiffs on *consecutive dates*.  DE 67-16.  In that email, Defendants' counsel also requested new dates for all three Plaintiffs during the week of June 13th if Plaintiff Cortes could not appear on *June 6th*.  *Id.*  Twenty minutes later, at 3:53 PM, Defendants' counsel again emailed Plaintiffs' counsel stating that they intended to "re-notice the Plaintiffs' depos for June 14, 15, and 16."  DE 67-18.  Further, Defendants' counsel agreed to re-notice for three other consecutive dates in June if the June 14-16 dates would not work.  *Id.*  Based upon the above communications, Defendants argue that the Motion for Protective Order should be denied as

premature and filed in bad faith without proper conferral and sanctions awarded to Defendants for having to respond to the motion. DE 67 (referencing Fed. R. Civ. P. 26(c) and 37(a)(5)(B)).

Courts do not consider "[t]he sending of . . . email [to be] personal conferral; rather, personal conferral can be accomplished by a telephone conversation, a personal meeting, a video conference, or other similar means." *New Country Motor Cars of Palm Beach, LLC v. Beresford*, No. 17-80856-CIV, 2018 WL 2733364, at *1 (S.D. Fla. June 7, 2018). Indeed, the Discovery Procedures Order entered in this case instructs that when discovery disputes arise, "counsel must actually speak to one another (in person or on [or] via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking Court intervention." DE 33 at 1.

The parties' email exchanges make clear the reason for personal conferral. As one example, after being previously notified of the unavailability of Plaintiffs' counsel on June 7, 2022 and being asked to hold June 14, 2022 for the deposition of Plaintiff Cortes, Defendants nonetheless, on May 27, 2022, scheduled Plaintiff Cortes for a deposition on the June 7, 2022 date. DE 57; DE 62-3; DE 62-2; DE 67 at 3; DE 67-9. Proper conferral prior to such scheduling should have resulted in the parties coming to a mutual agreement about when to schedule the deposition rather than Defendants' counsel setting the deposition for a date that was sure to be disputed. As another example, Plaintiffs refer to Plaintiff Cortes' deposition as having been noticed on June 7, 2022 in contravention of, among other things, their communication on May 17, 2022 that they were arranging with Plaintiff Cortes a date in mid-June. DE 62. As late as May 30, 2022, however, Defendants still indicate a preference of June 6, 2022 for the deposition of Plaintiff Cortes. DE 67-13. Such difference in dates being discussed via email illuminates the need for parties to actually speak to one another to resolve by mutual agreement the setting of deposition dates. In still another

example, Defendants indicate that they considered the Plaintiffs' proffer of June 14 for Plaintiff Cortes' deposition unconfirmed and, therefore, not something they could act upon.  DE 67 at 3; DE 67-9.  Indeed, Plaintiffs come across in their motion and the email exchanges as primarily focused on avoiding a requirement to attend a deposition on June 7, 2022 rather than on cooperating with opposing counsel to schedule dates for the Plaintiffs' depositions, including that of Plaintiff Cortes.  Thus, the parties' email discussions leave open questions and concerns on both sides that should be readily resolved if the parties took time to speak to one another and properly conferred to resolve their deposition scheduling issues.

Given the above record documenting, at the very least, a confusing set of email exchanges regarding the setting of Plaintiffs' depositions, including that of Plaintiff Cortes, I find that good-faith, personal conferral as to the setting of the subject depositions did not happen here.  I also find that both parties bear responsibility for the failure to properly confer.  The parties shall be afforded one additional opportunity to properly confer, and I decline to impose sanctions on either party at this time.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Protective Order (DE 62) is **DENIED**.
2. **By June 10, 2022**, the parties shall arrange to actually speak to one another by telephone, by videoconference, or in-person and confer as to the setting of Plaintiffs' depositions on mutually agreed upon dates.
3. Following conferral, Plaintiffs' counsel shall promptly file a certificate of compliance indicating the date and time of the parties' conferral, the means by which the parties spoke, the length of conferral, and whether the parties have reached resolution regarding dates for the depositions of Plaintiffs Hollman, Spikes, and Cortes.

4. Should the parties remain unable to reach resolution regarding the scheduling of Plaintiffs' depositions following conferral, then either party may seek Court intervention by appropriate motion.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 3rd day of June 2022.

_____
SHANIEK MILLS MAYNARD
UNITED STATES MAGISTRATE JUDGE