UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81223-CIV-SMITH/MAYNARD

**LANCE SPIKES,** *et al.*,

    **Plaintiffs,**

v.

**SCHUMACHER AUTO GROUP, INC.,** *et al.*,

    **Defendants.**
_____/

## OMNIBUS ORDER ON MOTIONS FOR SANCTIONS

**THIS CAUSE IS** before me upon two pending motions for sanctions. The first motion is Defendants' Motion for Order Compelling Plaintiffs, Brian Horowitz and Cameron N. May, and/or Plaintiffs' Counsel to Show Cause As To Why They Should Not Be Sanctioned For Plaintiffs' Willful Failure to Appear for Court-Ordered Settlement Conference ("Defendants' Motion for Sanctions"). DE 38. There has been no further briefing on this first motion. The second motion is Plaintiffs' Motion for Order to Show Cause, Motion for Default, and Motion for Sanctions Against Amanda Schumacher for Failure to Appear at Mediation ("Plaintiffs' Motion for Sanctions"). DE 97. Defendants have responded in opposition, DE 99, and Plaintiffs have replied, DE 102. These motions have been referred to me by U.S. District Judge Rodney Smith. DE 31. Both are ripe for consideration.

Plaintiffs bring this case under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, ("FLSA"), alleging a single count for violation of the FLSA's overtime provisions. Plaintiffs formerly worked at a call center whose purpose was to funnel customer traffic into Defendants'

1

automobile dealerships. At present, the case is set to proceed to a jury trial commencing on January 3, 2023.

The two pending motions for sanctions are similar in that each stems from the documented failure of named parties to appear as ordered for proceedings in this case. I will first summarize the circumstances surrounding those Court-ordered proceedings—that is, the settlement conference and mediation—before discussing the two motions.

## COURT-ORDERED SETTLEMENT CONFERENCE AND DEFENDANTS' MOTION FOR SANCTIONS

On March 7, 2022, U.S. Magistrate Judge William Matthewman issued an Order setting a Court-ordered settlement conference for April 12, 2022. DE 30. The Order expressly required the mandatory attendance of all parties and their lead counsel. *Id.* at ¶ 2. On April 12, 2022, two of the Plaintiffs, Brian Horowitz and Cameron May, did not appear as ordered. All other parties and lead counsel appeared, including—notably—Defendant Amanda Schumacher. After 15 minutes, Judge Matthewman declared an impasse and later indicated that "no motion had been filed seeking an order excusing any of the Plaintiffs from attending the Settlement Conference and no order had been entered by the Court allowing their absence." DE 35. According to Judge Matthewman, "it quickly became apparent to the Court that, due to a complete lack of communication between the parties counsel, and due to the absence of two Plaintiffs, this case was not in a posture conducive to settlement." *Id.*

That same day, on April 12, 2022, Defendants filed their Motion for Sanctions seeking the imposition of sanctions against the two Plaintiffs, Brian Horowitz and Cameron May, and Plaintiffs' counsel based on the failure to appear as required. DE 38. After the filing of Defendants' Motion for Sanctions, this case was settled as to these two Plaintiffs. Specifically, on June 1, 2022, presiding U.S. District Judge Rodney Smith dismissed with prejudice all claims

brought by Brian Horowitz and Cameron May against Defendants and approved of the parties' related settlement agreements. DE 65 (Order affirming and adopting Report, DE 61, recommending that Settlement and Release Agreements pertaining to both Brian Horowitz and Cameron May, DE 45-1, DE 45-2, be approved as fair and reasonable.). Defendants' Motion for Sanctions remains pending to date.

## COURT-ORDERED MEDIATION AND PLAINTIFFS' MOTION FOR SANCTIONS

On March 31, 2022, Judge Smith issued an Order of Referral to Mediation ("Mediation Order") requiring the parties to complete mediation by July 22, 2022 in accordance with Federal Rule of Civil Procedure 16(c)(2)(I) and Southern District Local Rule 16.2. DE 32. The Mediation Order specified that "appearance shall be **in person;** telephonic or videoconference appearance is prohibited." *Id*. at ¶ 4 (emphasis in original). The Mediation Order cautioned that sanctions may be imposed "against parties and/or counsel if mediation is not conducted or for failure to comply with any other requirement or term of this Order." *Id.* at ¶ 5. On April 20, 2022, the parties filed a notice indicating that mediation was set for over two months later, on July 8, 2022. DE 43.

On June 29, 2022, the week before the scheduled mediation, Defendants filed a motion to reschedule the mediation date or appear by zoom asserting that defense counsel had a scheduling conflict and would be out of the country on July 8, 2022. DE 79 at ¶3. That same day, Judge Smith denied the motion noting that "Mediation has been scheduled for more than two months and is scheduled to take place in less than 10 days." DE 80. Judge Smith emphasized that "all appearances at the mediation must be in person" and mediation could be rescheduled only if the parties jointly agreed. *Id.*

On July 6, 2022, the week of the scheduled mediation, Defendants filed an Expedited Motion to Excuse Amanda Schumacher from Personal Attendance at Mediation. DE 81. The

3

Expedited Motion represented that "Amanda Schumacher is unavailable to attend mediation in person on July 8, 2022. Ms. Schumacher is out-of-state from July 6-9, 2022, participating in political meetings that, unfortunately, cannot be rescheduled." *Id*. at ¶ 5.  The Expedited Motion represented that Amanda Schumacher's husband and co-Defendant, Charles Schumacher, would be present in person at the mediation on July 8, 2022 with full authority to settle on behalf of the corporate defendant, himself, and his wife. *Id*. at ¶ 6.  Defendants submitted a declaration from Amanda Schumacher along with the motion.  DE 81-1.

That same day, Judge Smith denied the Expedited Motion, noting:

> Mediation in this matter has been scheduled since April.  The Court's Order requiring in-person attendance at mediation is clear.  Additionally, it appears that Ms. Schumacher's conflict was known to her long before today.  Yet, counsel waited until two days before the scheduled mediation to file this motion.

DE 83.

On July 8, 2022, mediation was held as scheduled before Certified Circuit Civil Mediator Cathleen Scott.  DE 89.  According to the Mediator's Report, the Plaintiffs were all present in person with their counsel and Defendant Charles Schumacher was present together with counsel. *Id.*  It is undisputed that Defendant Amanda Schumacher did not attend.  The parties mediated for two hours but did not reach a settlement.

On July 11, 2022, Plaintiffs filed their Motion for Sanctions based upon Defendant Amanda Schumacher's failure to attend mediation.  DE 97. Plaintiffs assert that Amanda Schumacher's failure to attend mediation was willful and suggest that it demonstrated a pattern of noncompliance.  Plaintiffs seek default judgment against Amanda Schumacher, striking of her affirmative defenses if default is not entered, reimbursement of mediator fees, attorney's fees for Plaintiffs' two attorneys who were in attendance at the mediation, and attorney's fees and costs expended for filing and litigating the motion.  In response, Defendant acknowledges that Amanda Schumacher

did not attend the mediation because "she was unable to travel back to Florida from Texas in time," but maintains that the severe sanctions of default judgment or striking pleadings are drastic remedies not warranted in this case. Defendants agree, however, that certain sanctions are appropriate. Prior to Plaintiffs' filing their motion for sanctions, Defendants offered to (1) pay Plaintiffs' share of the mediator expense; (2) pay Plaintiffs' counsel for three hours of reasonable attorney's fees; (3) provide Plaintiffs' counsel with gratis copies of all three plaintiffs' deposition transcripts with all costs to be borne by Defendants; and (4) withdraw Defendants' still pending Motion for Sanctions. DE 99 at 5.

More recently, on December 2, 2022, after the unsuccessful efforts to resolve this case either at the settlement conference or mediation, on December 2, 2022, Judge Smith partially granted Plaintiffs' motion for summary judgment and fully denied Defendants' motion for summary judgment, which paved the way for this case to proceed to trial. DE 147.

## DISCUSSION

Federal Rule of Civil Procedure 16(f) authorizes the Court to impose sanctions for failure to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1). Instead of or in addition to any other sanction, the Court must order payment of the reasonable expenses incurred by the other party because of noncompliance, unless the noncompliance was substantially justified or an award would be unjust. Fed. R. Civ. P. 16(f)(2). Under Rule 16(f), the Court may impose sanctions available under Rule 37. These sanctions include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking the pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). In addition, the Court has inherent powers to impose sanctions to ensure the orderly and expeditious disposition of cases where a party's conduct disrupts or impairs the judicial process. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976). At the very least, the non-offending party should be compensated for the added expenses caused by the violation if warranted. *Bankatlantic v. Blythe Eastman Paine Webber, Inc.*, 130 F.R.D. 153, 154 (S.D. Fla. 1990), *aff'd*, 955 F.2d 1467 (11th Cir. 1992)

Importantly, the ultimate sanctions of dismissal or default judgment require a finding of bad faith. *Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958). These severe sanctions are appropriate only as a last resort, when less draconian sanctions will not cure the prejudice. *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988).

Here, a review of the record makes clear that named parties on both sides have engaged in sanctionable conduct by failing to appear for scheduled proceedings requiring mandatory appearances per standing Court orders. In determining whether to impose sanctions and what sanctions, if any, are appropriate, fairness dictates that I consider the documented failure of parties on both sides to appear as required. These failures have unfortunately led to missed opportunities for a potential amicable resolution and have instead caused the needless multiplication of proceedings in this case.

Turning first to Defendant Amanda Schumacher's failure to appear for mediation. Her claim that she could not make it back from Texas in time for mediation does not absolve her of the

responsibility to comply with this Court's orders. Three times Judge Smith ordered the parties in this case to attend mediation in person on July 8, 2022. It appears from the record that instead of complying with Judge Smith's Order, Amanda Schumacher decided instead to fly to Texas to participate in unidentified and unspecified "political meetings." That is unacceptable. If parties are permitted to decide not to attend mediation despite Court order otherwise, a court's mediation order would be rendered meaningless. Amanda Schumacher is therefore admonished for her failure to personally attend mediation.

This conduct does not, however, warrant the drastic sanctions sought by Plaintiffs. That is true for several reasons. First, default judgment is a draconian sanction used only as a last resort, particularly in light of courts' strong preference for resolving cases on the merits. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) (stating there is a "strong preference for deciding cases on the merits"); *Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 797 (11th Cir. 2016) (same); *Carter v. BPCL Mgmt., LLC*, No. 19-60887-CIV, 2021 WL 1338256, at *2 (S.D. Fla. Mar. 11, 2021) (observing that the Eleventh Circuit has an "overarching goal for resolving litigation" on the merits). Second, it is not clear that Plaintiffs were actually prejudiced by Amanda Schumacher's failure to attend since the parties mediated for two hours on that date with Charles Schumacher present, whom the mediator understood to have authority to act on behalf of all Defendants. DE 89. Third, in response to the motion for sanctions, Defendants raise an "unclean hands" argument and contend that "the parties missed out completely on an opportunity to mediate this case back in April, for free, with the Magistrate Judge, as a result of plaintiffs' failure to appear for an equally Court-Ordered settlement conference, without any excuse or justification, and without making any attempt previously to excuse themselves." DE 99 at 11. Plaintiffs do not

7

address this argument in their reply. Upon consideration, I find Defendants' argument on this point somewhat persuasive.

At this point, the District Judge has already begun to resolve the case on its merits as is consistent with the strong preference of federal courts. Thus, Plaintiffs' request for default judgment or striking of Amanda Schumacher's pleadings is denied. Instead, I find that because Amanda Schumacher's failure to attend mediation was not substantially justified, Plaintiffs should be compensated for the costs necessitated by her failure to appear. In addition, as part of their good faith proposal to resolve Plaintiffs' Motion for Sanctions, Defendants offered to withdraw their previous Motion for Sanctions. DE 99 at 5. This proposal is well taken. While parties on both sides engaged in sanctionable conduct, in my view, Defendant Amanda Schumacher's failure to attend mediation is slightly more egregious based on the timeline of events and especially considering Judge Smith's series of orders making crystal clear that she was required to attend in person on July 8, 2022. Based on the totality of the circumstances and a review of the complete record, I find that a fair and just result on the matter of appropriate sanctions is to deny Defendants' Motion for Sanctions; require Defendants to pay the full amount of July 8, 2022 mediation expenses for the mediator's time—inclusive of Plaintiff's share of the costs; and require Defendants to pay Plaintiffs' counsel a total of $1,000 as compensation for what I deem to be reasonable attorneys' fees and costs incurred as a result of Amanda Schumacher's failure to attend mediation.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Sanctions, DE 38, is **DENIED**.

2. Plaintiffs' Motion for Sanctions, DE 97, is **GRANTED IN PART AND DENIED IN PART**. Defendant Amanda Schumacher is **ADMONISHED** for her failure to

personally attend mediation. As sanctions for Amanda's Schumacher unjustified failure to attend mediation as ordered, Defendants shall (1) be responsible for payment of the full amount of mediation expenses for the mediator's time—inclusive of Plaintiff's share of the costs; and (2) pay Plaintiffs' counsel a total of $1,000 as compensation for reasonable attorneys' fees and costs incurred.

3. Defendants' counsel shall file an appropriate notice by or before January 3, 2023 that certifies compliance with the requirements as stated in this Order.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 13th day of December, 2022.

SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE