UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:21-cv-81223-RS  -  SMITH/McCabe

LANCE SPIKES, MARJORIE T. HOLLMAN, and MICHAEL
CORTES,

       Plaintiffs,

v.

SCHUMACHER AUTO GROUP, INC.,
CHARLES A. SCHUMACHER, and
AMANDA SCHUMACHER,

       Defendants.

_____/

## PLAINTIFFS' MOTION TO TAX COSTS AND SUPPORTING MEMORANDUM

Plaintiffs Lance Spikes, Marjorie T. Hollman, and Michael Cortes ("collectively Plaintiffs"), through counsel, pursuant to S.D. Fla. L.R. 7.3 and 28 U.S.C. § 1920 hereby file their Motion to Tax Costs and this memorandum in support thereof and in support of the consecutively filed Bill of Costs.

**I.    Plaintiffs are Prevailing Parties Pursuant to the Entry of Stipulated Final Judgment (DE 263).**

The parties settled this matter in open court on July 14, 2025.  Plaintiffs obtained 100% of their recovery of overtime damages plus an equal amount in liquidated damages.  The parties stipulated that the Plaintiffs were the prevailing parties under the Fair Labor Standards Act and that Plaintiffs were entitled to reasonable attorneys' fees and costs.  *(DE 263.)*

**II.    The Costs Requested**

Plaintiffs Form AO133 itemizing all costs requested under 28 U.S.C. § 1920 along with copies of the supporting cost documentation is filed at *DE 264*.   The § 1920 costs requested costs

Page 1 of 9

are as follows:

| | |
|---|---|
| Fees of Clerk: | $1,261.66 |
| Fees for Service of Summons and Subpoena | $1,130.00 |
| Fees for Court Reporter and Transcripts | $5,866.16 |
| Fees for Necessary Photocopies | $1,420.00 |
| Sub Total Costs | $9,677.82 |
| Less Costs Already Paid | -   200.16 |
| Total Costs Requested | **$9,477.66** |

**III.     The Costs Requested are Reasonable and Necessarily Incurred In this FLSA Action**

This Fair Labor Standards Act case originated in September 2019, when Plaintiffs served Requests for Arbitration pursuant to mandatory arbitration agreements they were required to sign as a condition of employment. **See Ex. 1**  Arbitration Agreement of Plaintiff Lance Spikes.  The Agreements expressly barred Plaintiffs from filing their FLSA claims in federal court and designated Defendant Schumacher Auto Group, Inc. as the arbitration administrator. *Id. at pg. 4 of 11, Rule 3(1) – Request for Arbitration.*

Following service of the Requests for Arbitration, the parties engaged in twenty (20) months of arbitration activity. The parties engaged in significant litigation and discovery during this period, including extensive efforts to resolve the claims through negotiation.

During the arbitration process and in October 2020, Schumacher's then-in-house counsel, Kenneth Lemoine, Esq., acting as the company's arbitration agent, finally engaged JAMS and to convene a three-member arbitration panel. Litigation before the JAMS panel continued to be active and contested. The Defendants were sanctioned twice by the arbitrators for discovery violations, and a final merits hearing was scheduled for June 2021.

However, in April 2021—just weeks before the scheduled final hearing—Defendants defaulted on their contractual obligation to pay arbitration fees to JAMS. As a result, JAMS closed

the arbitration file in May 2021 due to non-payment. Plaintiffs were thus forced to reinitiate their FLSA claims in federal court in June 2021, through no fault of their own.

Plaintiffs now seek recovery of essential litigation costs incurred in both phases of the case—first in arbitration (as contractually mandated), and later in federal court (after Defendants rendered arbitration unavailable through non-payment). The specific costs incurred include:

- **$402.00** – Filing fee paid to the U.S. District Court for the Southern District of Florida.

- **$400.00** – Filing fee paid to Defendant Schumacher Auto Group, Inc. under the arbitration agreement.

- **$50.40** – Certified mailing fees to serve Demands for Arbitration, as required under the arbitration agreement.

- **$409.26** – Filing fee paid to JAMS pursuant to the parties' contractual agreement with the arbitration provider.

Each of these costs falls squarely within the category of "fees of the clerk" or analogous statutory categories under 28 U.S.C. § 1920 and is compensable as a reasonable and necessary litigation expense. Plaintiffs incurred all of these fees in pursuit of their statutory wage rights under the FLSA—first in a forum imposed by Defendants, and then in federal court when Defendants abandoned arbitration.

All other taxable costs requested—including service of process fees, transcript fees, and photocopying and printing costs—were incurred during the federal court phase of litigation and are similarly supported by invoices and documentation.   The deposition transcripts and court reporter fees are for the depositions of Defendants' listed witnesses and identified corporate representatives.  The court reporter applied a 20% discount for the depo transcript costs, and these savings are passed on to the Defendants as reflected on the court reporter invoices.  The hearing transcript costs were for transcripts utilized in pleadings, including in response to Defendants' appeal in this matter.

Accordingly, Plaintiffs respectfully request that all properly documented and itemized § 1920 costs be taxed against Defendants in full.

## IV.      Conferral Efforts with Defendants Prior to Filing

Pursuant to S.D. Fla. L.R. 7.3(c) and 7.1(a), Plaintiffs made a timely and good-faith effort to confer with Defendants regarding the taxable costs in this matter. Plaintiffs provided Defendants with a completed AO 133 Bill of Costs form, a detailed spreadsheet itemizing each cost, and all available receipt documentation supporting those amounts.

After request for an extension of time to review the documents, Defendants, through counsel Dan Levine, objected to all costs for the following reasons:

- *"Regarding the Bill of Costs, we object en toto, as the motion was to have been filed within 14 days of the rendering of the appellate decision. See Doc 203.*

- *Further, and without waiving the timeliness argument, we object:*

- *to the fees you list as "required by arbitration agreement". Those should have been sought, if at all, in the arbitration from the arbitrator(s). As you know, on May 24, 2021, JAMS entered a stay as it had not received full payment of the attached deposit request and payment needed to be made in order for the arbitration to proceed. At that time, JAMS advised that any party may assume responsibility for payment of all fees. You chose not to do so.*

- *to the fees for the service of summons and subpoenas as unnecessary*

- *to the fees for the court reporters and depo transcripts as unnecessary*

- *To the photocopy fees as unnecessary (particularly those related to the appeal)*

- *Let me know if you wish to confer in good faith further before filing or if you have any particular supporting case law."*

## V.       Response to Defendants' Objections

   **A.      The Magistrate Judge's stay order does not bar Plaintiffs from seeking costs now.**

After this Court entered the first Stipulated Final Judgment *(DE 190)* on January 9, 2022, Plaintiffs, submitted a motion to tax costs and bill of costs to the Defendants.  After conferral, Plaintiffs filed their Bill of Costs *(DE 197)* and supporting Motion and Memo to Tax Costs *(DE 198)*.  Defendants moved to Defer Ruling and Stay Briefing of the Costs *(DE 199)*.  Magistrate Judge Maynard granted the Motion to Stay *(DE 203)* and ruled in part:

> The parties may not re-file motions for costs or conduct any further briefing on the issue of costs at this time. Instead, they may re-file them, in accordance with the Local Rules, within 14 days after a *final appellate decision* is rendered in this matter. (emphasis added).

As this Court is aware, the 11th Circuit Court of Appeals affirmed in part, reversed in part, and remanded for further proceedings on the issue of the retail sales exemption.   Since there was a remand and a reversal, the appellate decision was not "final" in the sense that it did not end the litigation in this matter.   It was interlocutory in effect as it required further action by the District Court.  Upon remand, the Plaintiffs were not, at that point, prevailing parties.  The District Court was ordered to rule on the parties' other retail sales exemption arguments.  After considering the parties' other arguments, the District Court ruled that the Retail Sales Exemption did not apply to Spikes or Cortes or Hollman, with the possible exception of the month of December 2018 for Hollman, for which a trial would need to be held.  *(DE 256)*.   At Calendar Call on July 8, 2025, the Defendants conceded all issues and agreed to settlement of 100% of Plaintiffs' damages plus an equal amount in liquidated damages for a total wage settlement of $295,355.56.  A Stipulated Final Judgment was entered on July 15, 2025 and it is from that Judgment that Plaintiffs, as prevailing parties, are entitled to submit their motions for costs. *(DE 263)*.  Defendants' attempt to contort Magistrate Judge Maynard costs stay order is yet another example of the unsupported scorched earth litigation tactics Plaintiffs have had to battle since 2019.   Nothing in the Court's

prior stay order *(DE 203)* precludes Plaintiffs from seeking an award of costs at this time, particularly where judgment has now been entered and the request is timely.  Further, Defendants stipulated that Plaintiffs' were entitled to fees and costs.  *DE 263)*.

> **B.**     **Defendants' argument that Plaintiffs "could have paid the arbitrator and sought reimbursement" is meritless.**

The Arbitration Agreement expressly required Defendants to pay all arbitration costs. *(Ex. 1, pg. 10 of 11, Rule 15)* ("The Company will pay the filing or administrative fees, the fees charges by the Arbitrator and meeting room charges incurred in the conduct of the arbitration.) Defendants' failure to do so constituted a breach of that agreement. *See Order Granting in Part Motion for Default of Arbitration (DE 19)* ("Defendants were responsible for payment of all costs and fees of the arbitration except for Plaintiffs' portion of the filing fee"; "Defendants refused to pay any further arbitration deposits and costs, including the required deposit for the anticipated cost of the arbitration hearing.").  Plaintiffs had no obligation to advance those costs to preserve their rights— nor to take the risk of seeking reimbursement later. The Court concluded that "Plaintiffs have been prejudiced by Defendants' actions because Plaintiffs have been deprived of their right to arbitrate, the proceedings have been delayed, and Plaintiffs have been forced to proceed to litigate in this Court. Thus, Defendants have waived their right to arbitration." *(DE 19.)*

**Moreover, the Court has already found that Plaintiffs' arbitration-related fees and costs through March 1, 2021, were reasonable. *(DE 61.)***

As part of the Court-ordered settlement fairness proceedings for former Plaintiffs Cameron May and Brian Horowitz, the Court previously reviewed and approved the reasonableness of Plaintiffs' counsel's costs,  hourly rates, arbitration fees, and the fee allocation structure.  The Court found that the arbitration costs, then requested, divided equally among the five Plaintiffs— was "fair and reasonable". *Id*.  Specifically, the Court held:

"The Undersigned further finds that the settlements, including the attorney's fees and costs, reached by the parties represent reasonable compromises by both sides and are fair and reasonable—especially considering that the attorney's fees and costs are being split five ways due to the number of party plaintiffs in this case." — *Report and Recommendation (DE 61),* adopted at *(DE 65).*

The remaining Plaintiffs (Spikes, Hollman, and Cortes) have reduced their costs motion by $200.16, which was already paid by the Defendants in relation to the court approved May and Horowitz Settlement Agreements.

**C.       The costs for the summons and subpoenas were reasonable and required.**

Plaintiffs asked Defendants counsel, Dan Levine, if he would accept service of the deposition subpoenas for employee Linda Elliott and he said "no." Ms. Elliott evaded service as reflected on the attached affidavits of service and thus Plaintiff was unable to depose her. The Court granted Plaintiffs' motion in limine excluding Ms. Elliott's testimony at trial. Plaintiffs also asked Mr. Levine if he would accept trial subpoenas for the Defendants and their designated corporate representatives. Mr. Levine said "no". Defendants and their employees also evaded service. The process server was told repeatedly that the individuals were not available, the trial date changed, and new subpoenas had to be issued. The process server had to surveil the witness's workplace (Schumacher Auto) in order to get service on Sal Del Greco, Sharon Madden, and Tracie Boynton, and was unable to serve Amanda Schumacher or Chuck Schumacher due to their evasive efforts. The process serve made *thirty-six attempts* to serve the Defendants and their designated corporate representatives. The cost for all of those attempts could have been alleviated if Mr. Levine would have just accepted service. Finally, the Plaintiff issued and served trial subpoenas to the Plaintiffs' supervisors, Victor Ruiz and Adolfo Paradoa, who were served on the first attempt.

**D.** **The costs for court reporter fees and transcripts were necessary.**

Plaintiffs deposed the individual Defendants Charles and Amanda Schumacher, the three individuals, Sal Del Greco, Sharon Madden and Tracie Boynton, designated as the Defendants' corporate representative and Defendants' witness Lisa Cohen. All of these depositions were necessary and the testimony was used by the Plaintiffs and the Defendants in the parties' summary judgment filings and appellate briefs. Additionally, Plaintiffs ordered the transcripts of three hearings before Judge Smith, and citations to transcripts were used by the Plaintiffs in filings in the District Court and in the support of the Plaintiffs' Appellate Answer Brief.

**E.** **The copying costs were reasonable and necessary.**

Plaintiff has billed for only a small fraction of the thousands of paper copies that were made during the five years of litigation. In the Bill of Costs, they seek only those copying costs for deposition transcripts and trial exhibits to be used at trial (one copy for Plaintiffs' counsel, one for the witness, and one for opposing counsel). Judge Smith requested copies of the summary judgment motions and exhibits and those costs are requested. Finally, Plaintiff seeks the copy cost for the Answer Brief and Supplement Index they were required to submit to the 11th Circuit Court of Appeals. Plaintiffs prevailed on two of the three issues brought by Defendants on appeal, and thus they substantially prevailed, and further, the appellate costs were incurred for use in the case. On the third issue, retail sales, this court found on remand that it did not apply. Thus, Plaintiffs ultimately prevailed on all three issues brought up on appeal by the Defendants.

WHEREFORE, and for all the foregoing reasons, Plaintiffs request this Court grant their motion for costs and enter a judgment for costs in the amount of **$9,477.66.** After entry of the order on costs, the Plaintiffs will move for entry of a final judgment of costs.

Respectfully submitted,

*/s/ Catherine A. Cullen*
Catherine A. Cullen, Esq. (Fla. Bar No. 1017783)
Mark A. Cullen, Esq.  (Fla. Bar No. 325082)
Attorney E-mail:  mailbox@cullenlawfirm.net
THE CULLEN LAW FIRM, P.A.
500 S. Australian Avenue, Suite 538
West Palm Beach, FL  33401
Telephone:  561.640.9191

*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.3(C)

I HEREBY certify that I attempted in good faith to confer with Defendants regarding the costs sought in this matter.   Mr. Levine has indicated he objects to all costs for the reasons cited above.  Mr. Levine did not provide any case law to support his objections or cite a single cost as excessive, but instead asked me to supply case law.  I responded to Mr. Levine's objections on August 5, 2025, and he wrote back  on August 7, 2025, reiterating his same objections and adding the vague and unsubstantiated statement: "you are trying to recover much more than you are possibly entitled (check invoices – all the "extras")."   A copy of the conferral attempts are attached as *Exhibit B.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the CM/ECF filing system on this **8th day of August, 2025,** which will send a notice of the electronic filing to the email listed below or the email address(es) counsel has registered with the CM/ECF filing system:

| | |
|---|---|
| Dan Levine, Esq., Robin Frank, Esq. | DRL@pbl-law.com |
| PADULA BENNARDO LEVINE LLP | RIF@pbl-law.com |
| 3837 NW Boca Raton Blvd., Suite 200 | ak@pbl-law.com |
| Boca Raton, FL  33431 | |
| Telephone:  561.544.8900 | |
| *Counsel for Schumacher Auto Group et al.* | |
| Richard Ivers, Esq. | |
| LAW OFFICE OF RICHARD A. IVERS | |
| 6131 Lyons Road, Suite 201 | |
| Coconut Creek, Florida 33073 | richard@iverslawfirm.com |
| Telephone: 954.757.6262 | |
| *Counsel for Schumacher Auto Group et al.* | |

*/s/ Catherine A. Cullen*
Catherine A. Cullen, Esq. (Fla. Bar No. 1017783)